## No. 9186.

### GERMAN AMERICAN TRUST COMPANY *v.* WHITE.

ASSIGNMENTS CONTEMPORANEUS by the insured, of moneys due under a fire insurance policy. The first in favor of defendant in error, for a payment of an amount due upon a mortgage of the insured chattels. The second, by expressed terms subordinate to the first. The transaction was in good faith. Judgment that the amount due defendant in error, including the expense of collecting the insurance, should be first paid, and any balance to plaintiff in error, affirmed.

*Error to Jefferson District Court, Hon. Jesse C. Wiley, Judge.*

Mr. C. F. MILLER, for plaintiff in error.

No appearance for defendant in error.

Chief Justice White delivered the opinion of the court:

THE question involved is which of the parties hereto is entitled to certain money paid into court by an insurance company, upon an adjustment of a loss by fire of some personal property, belonging to one French, which it had insured. Each of the parties claim the money by virtue of

an assignment by French. The assignment under which plaintiff in error claims is, by express terms, made subordinate to the assignment under which defendant in error claims. The facts resulting in the assignments are, briefly, as follows: One Burroughs R. Hall owned a building and defendant in error White was his agent in renting and collecting the rents therefor. This building was occupied by one French as tenant, who conducted a small store therein, and who had fallen behind in the payment of her rent. She had also borrowed some money at a high rate of interest and secured the payment of the same by a chattel mortgage upon her trade fixtures in the store. Hall died, and thereupon The German American Trust Company became executor of his estate, and White became its agent in relation to the building. The defaults of French in the payment of rent continued and White, in order to assist her, purchased the note secured by the chattel mortgage, and substantially reduced the rate of interest thereon. The note, becoming due, was renewed, and a new chattel mortgage given, all in the name of White's wife, though belonging to White. Some time elapsed, other rent accrued, and some payments were made thereon, and $2.75 paid as interest upon the note. When the fire occurred White was in California, and Mrs. French called upon the plaintiff in error, and stated to an assistant cashier of that institution, who was also the son of White, that she desired to have drawn and executed two assignments of her claim against the insurance company growing out of the fire; that she desired the first assignment to be in favor of White, for the purpose of paying the mortgage indebtedness, and the second assignment to be in favor of plaintiff in error, for the purpose of paying the delinquent rent. Thereupon the assignments were drawn in accordance with her wishes and she executed the same. The amount of the note and delinquent rent exceeded the proceeds of the insurance policy.

The court found that the transaction was in good faith, and there was no fraud or deceit upon the part of plaintiff; and that from the insurance money the amount due on the

note and the costs, including the expense of collecting the insurance policy, should first be paid and the balance, if any, turned over to plaintiff in error. The evidence warranted these findings. The rights of plaintiff in error were based solely upon the assignment, and it is not in a position to complain because the court gave full effect to that instrument. The application for *supersedeas* is denied and the judgment affirmed.

Mr. Justice Hill and Mr. Justice Teller concur.